**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

DEANNA LYNN MUTCHLER,

Plaintiff,

No. 13-CV-9

vs.

**ORDER**

CAROLYN W. COLVIN,
Commissioner of Social Security,

Defendant.

_____

*TABLE OF CONTENTS*

**I.   INTRODUCTION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

**II.   PROCEDURAL HISTORY.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

**III.   FACTUAL BACKGROUND.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

**VI.   STANDARD OF REVIEW.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

    *A.   Review of ALJ's Decision.* . . . . . . . . . . . . . . . . . . . . . . . . . . **4**
    *B.   Review of Report and Recommendation.* . . . . . . . . . . . . . . . . **6**

**V.   ANALYSIS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

    *A.   Dr. Shaeffer's Medical Opinion.* . . . . . . . . . . . . . . . . . . . . . **8**
        *1.   Medical opinion.* . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**
        *2.   ALJ's decision.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**
        *3.   Report and Recommendation..* . . . . . . . . . . . . . . . . . **10**
        *4.   Parties' arguments.* . . . . . . . . . . . . . . . . . . . . . . . . **11**
            *a.   Mutchler's arguments.* . . . . . . . . . . . . . . . . . **11**
            *b.   The Commissioner's arguments.* . . . . . . . . . . . **12**
        *5.   Application.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**
    *B.   Dr. Kappos's Medical Opinion and Mutchler's RFC.* . . . . . . . . **13**
        *1.   Medical opinion.* . . . . . . . . . . . . . . . . . . . . . . . . . **13**
        *2.   ALJ's decision.* . . . . . . . . . . . . . . . . . . . . . . . . . . **13**
        *3.   Report and Recommendation..* . . . . . . . . . . . . . . . . . **14**
        *4.   Parties' arguments.* . . . . . . . . . . . . . . . . . . . . . . . . **14**
            *a.   Mutchler's arguments.* . . . . . . . . . . . . . . . . . **14**

             *b.      The Commissioner's arguments.* . . . . . . . . . . . . . . . **15**
        **5.**       *Application.* . . . . . . . . . . . . . . . . . . . . . . . . . . . **16**
    **C.**    **Possibility of Benefits Before COPD Was Controlled.** . . . . . . . . . . **18**
        **1.**       *Parties' arguments.* . . . . . . . . . . . . . . . . . . . . . . . . **18**
        **2.**       *Application.* . . . . . . . . . . . . . . . . . . . . . . . . . . . **18**
**V.**     **CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19**

## I. INTRODUCTION

The matter before the court is Plaintiff Deanna Lynn Mutchler's[1] Objections (docket no. 17) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 16). The Report and Recommendation recommends that the court affirm the final decision of the Commissioner of Social Security ("Commissioner") denying Mutchler Title II disability insurance benefits and Title XVI supplemental security income ("SSI") benefits and that the court dismiss with prejudice Mutchler's Complaint (docket no. 3).

## II. PROCEDURAL HISTORY

On February 20, 2013, Mutchler filed this action for judicial review. On May 2, 2013, the Commissioner filed an Answer (docket no. 6). On June 3, 2013, Mutchler filed a brief ("Mutchler's Brief") (docket no. 9) arguing that there is not substantial evidence in the record to support the ALJ's finding that she is not disabled and that she is functionally capable of performing other work that exists in significant numbers in the national economy. On August 1, 2013, the Commissioner filed a brief ("Commissioner's Brief") (docket no. 10) asking the court to affirm the ALJ's decision. On August 8, 2013, Mutchler filed a reply brief ("Mutchler Reply") (docket no. 11).

On October 29, 2013, the undersigned referred this matter to United States Magistrate Judge Jon S. Scoles for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). October 29, 2013 Order (docket no. 15). Judge Scoles filed

---

[1] Deanna Lynn Mutchler formerly had the last name of "Owens" and is frequently referred to as Deanna Lynn Owens throughout the Administrative Record.

the Report and Recommendation on November 8, 2013, and Mutchler filed the Objections on November 22, 2013. The Commissioner filed a Response (docket no. 18) on November 22, 2013.

### III. FACTUAL BACKGROUND[2]

Mutchler was born in 1960 and is a high school graduate. On March 3, 2010, Mutchler applied for both disability insurance benefits and SSI benefits. Mutchler's applications were denied on June 16, 2010. On August 23, 2010, her applications were denied on reconsideration. On November 8, 2011, Mutchler appeared via video conference with her attorney before Administrative Law Judge ("ALJ") Julie K. Bruntz for an administrative hearing. On January 17, 2012, the ALJ denied Mutchler's claims. On January 23, 2013, the Appeals Council denied Mutchler's request for review. Consequently, the ALJ's January 17, 2012 decision was adopted as the Commissioner's final decision.

The record contains a detailed earnings report for Mutchler. The report covers the time period from 1970 to 2010. Prior to 1977, Mutchler had minimal earnings. From 1977 to 1984, she earned between $3,496.78 (1980) and $8,413.30 (1979) per year. She had no earnings from 1985 to 1987. From 1988 to 2004, she earned between $2,895.10 (2003) and $28,942.65 (2001) per year. Mutchler had no earnings from 2005 to 2006. She earned less than $1,000 in 2007 and 2008. In 2009, she earned $4,064.54. She has no earnings since 2010.

At the administrative hearing, Mutchler alleged that the onset date for her disabilities, which include emphysema, chronic obstructive pulmonary disease ("COPD"), colon cancer, anemia and gastroesophageal reflux disease, was February 1, 2009.

---

[2] In the Report and Recommendation, Judge Scoles provides a more detailed factual background. Since neither party objects to the factual background in the Report and Recommendation and the court finds that he has committed no plain error with respect to the factual background, the court adopts it and incorporates it herein.

Mutchler also testified at the administrative hearing that she does not like to spend time in public places because people bother her. During the hearing, the ALJ provided vocational expert, Elizabeth M. Albrecht, with a hypothetical for an individual matching the ALJ's eventual residual functional capacity ("RFC"). The vocational expert stated that this individual could perform three jobs that existed in significant numbers in the national economy: a counter clerk, an usher and an information clerk.

## IV. STANDARD OF REVIEW

### A. Review of ALJ's Decision

Title 42, United States Code, Section 405(g) provides that the Commissioner's final determination following an administrative hearing not to award disability insurance benefits is subject to judicial review. 42 U.S.C. § 405(g). Pursuant to 42 U.S.C. § 1383(c)(3), the Commissioner's final determination after an administrative hearing not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3). 42 U.S.C. § 405(g) provides the court with the power to: "[E]nter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." *Id*.

The court will "affirm the Commissioner's decision if supported by substantial evidence on the record as a whole." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). "Substantial evidence is 'less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion.'" *Id*. (alteration in original) (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)); *see also Wildman v. Astrue*, 596 F.3d 959, 963-64 (8th Cir. 2010) ("Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the

Commissioner's conclusion." (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)) (internal quotation marks omitted)).

In determining whether the ALJ's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but [it does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court not only considers the evidence that supports the ALJ's decision, but also the evidence that detracts from his or her decision. *Moore v. Astrue*, 623 F.3d 599, 602 (8th Cir. 2010); *see also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (stating that a court's review of an ALJ's decision "extends beyond examining the record to find substantial evidence in support of the ALJ's decision; [the court must] also consider evidence in the record that fairly detracts from that decision"). In *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994), the Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal.

*Id*. (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)) (internal quotation marks omitted). In *Casey v. Astrue*, 503 F.3d 687 (8th Cir. 2007), the Eighth Circuit further explained that a court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" *Id*. at 691 (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)). "A decision is not outside that 'zone of choice' simply because [the court] may have reached a different conclusion had [the court] been the fact finder in the first instance." *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006). Therefore, "even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *see also Wildman*, 596 F.3d at 964 ("If substantial evidence supports the ALJ's decision, [the court] will not

reverse the decision merely because substantial evidence would have also supported a contrary outcome, or because [the court] would have decided differently."); *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir. 2009) ("If there is substantial evidence to support the Commissioner's conclusion, we may not reverse even though there may also be substantial evidence to support the opposite conclusion." (quoting *Clay v. Barnhart*, 417 F.3d 922, 928 (8th Cir. 2005)) (internal quotation marks omitted)).

When a district court reviews an ALJ's decision, "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *Mouawad v. Gonzalez*, 485 F.3d 405, 413 (8th Cir. 2007) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)) (internal quotation marks omitted). The grounds on which "the administrative agency acted [must be] clearly disclosed and adequately sustained." *Chenery Corp.*, 318 U.S. at 94. "'[A] reviewing court may not uphold an agency decision based on reasons not articulated by the agency,' when 'the agency [has] fail[ed] to make a necessary determination of fact or policy' upon which the court's alternative basis is premised." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) (alterations in original) (quoting *Healtheast Bethesda Lutheran Hosp. & Rehab Ctr. v. Shalala*, 164 F.3d 415, 418 (8th Cir. 1998)). However, "a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case," *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999), and "an ALJ's failure to adequately explain his factual findings is 'not a sufficient reason for setting aside an administrative finding' where the record supports the overall determination," *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008) (quoting *Senne*, 198 F.3d at 1067).

## B.  *Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of
> those portions of the report or specified proposed findings or
> recommendations to which objection is made. A judge of the
> court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party
properly objects to a report and recommendation on a dispositive motion, a district court
must determine de novo the magistrate judge's recommendation). The Eighth Circuit
Court of Appeals has repeatedly held that it is reversible error for a district court to fail
to conduct a de novo review of a magistrate judge's report and recommendation when such
review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.
2003); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hosna v. Groose*, 80 F.3d
298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v.
Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The plain language of the statute governing
review provides only for de novo review of "those portions of the report or specified
proposed findings or recommendations to which objection is made." 28 U.S.C.
§ 636(b)(1). Therefore, the court reviews the unobjected-to portions of the proposed
findings or recommendations for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692
(8th Cir. 1994) (reviewing the magistrate judge's findings for "plain error" because the
appellant did not file any objections).

## V. ANALYSIS

Mutchler objects to three of Judge Scoles's findings and his resulting
recommendation that there was substantial evidence on the record to support the ALJ's
decision to deny Mutchler's applications for Title II disability insurance benefits and Title
XVI SSI benefits.[3] Accordingly, the court will review these disputed portions of the

---

[3] The Commissioner has no objections to the Report and Recommendation and
relies on her arguments in the Commissioner's Brief in her Response to Mutchler's
(continued...)

Report and Recommendation de novo. First, Mutchler objects to Judge Scoles's finding that substantial evidence on the record supported the ALJ's determination that Mutchler was capable of performing "light work." Second, Mutchler objects to Judge Scoles's finding that the ALJ properly discounted a doctor's medical opinion who had examined Mutchler nine months prior to Mutchler's alleged disability onset date. Third, Mutchler objects to Judge Scoles's finding that Mutchler's symptoms of COPD had improved to a point where she was not entitled to benefits. The central issue to the Objections is whether there is substantial evidence in the record to support the ALJ's determination that Mutchler was capable of performing "light work," which requires frequent walking, despite two examining physicians determining that Mutchler was limited to walking "occasionally." Objections at 2. The court finds that it is appropriate to address Mutchler's second objection before addressing the other objections.

### A. Dr. Shaeffer's Medical Opinion

#### 1. Medical opinion

On April 8, 2008, Dr. Audrey R. Shaeffer, D.O., performed a consultative examination on Mutchler and issued a report on April 18, 2008, which was prior to the alleged onset date of February 1, 2009. In her report, Dr. Shaeffer restricted Mutchler to, among other things, occasional walking and standing. Dr. Shaeffer noted that she imposed these restrictions due to Mutchler's COPD. Administrative Record at 286.

#### 2. ALJ's decision

In her decision, the ALJ did not specifically reference Dr. Shaeffer's consultative examination of Mutchler.[4] In determining Mutchler's RFC, the ALJ stated that she

---

[3](…continued)
Objections.

[4] The ALJ did, however, discuss the specific opinions of other medical
(continued…)

"considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence." *Id.* at 17. Specifically, the ALJ found that, although Mutchler testified at the hearing that "she can stand for five to ten minutes before she becomes short of breath . . . [and] that she can no longer . . . walk more than a block without resting[,] . . . the objective findings in this case fail to provide strong support for [Mutchler's] allegations of disabling limitations." *Id.* at 18. Rather, according to the ALJ, "the medical findings do not support the existence of limitations greater than" the following RFC:

> [Mutchler can] perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).[5] [Mutchler] is able to frequently climb ramps, stairs, ladders, ropes, and scaffolds. She can frequently balance, stoop, kneel, crouch, and occasionally crawl. She can do occasional handling and fingering with her right hand, which is her dominant hand. The claimant should avoid concentrated exposure to extreme cold, humidity, fumes, gases, poor ventilation, and dust. The claimant is limited to

---

[4](...continued)
professionals.

[5] "Light work" is defined as the following:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it *requires a good deal of walking or standing*, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work . . . .

20 C.F.R. 404.1567(b) (emphasis added). 20 C.F.R. 416.967(b) provides the same definition of "light work."

> simple, routine tasks, and can have short-lived, superficial
> contact with coworkers, supervisors, and the public.

*Id.* at 17 (emphasis omitted) (footnote added). The ALJ went on to say that "the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision." *Id.* at 21. She further stated that "[a]s there is no objective evidence contradicting the findings of the treating or examining physicians, the opinions are entitled to great weight." *Id.*

### 3. *Report and Recommendation*

In his Report and Recommendation, Judge Scoles found that the ALJ did not give any weight to Dr. Shaeffer's opinion that Mutchler should be limited to occasional walking and that this decision was proper because her examination fell outside the relevant time period.[6] Judge Scoles also found that Dr. Shaeffer's opinions with regard to Mutchler's COPD and her ability to walk were unsupported during the relevant time period because Mutchler's COPD was under control in 2009 and 2010. Accordingly, Judge Scoles found that it was "unnecessary to address Dr. Shaeffer's opinions in its consideration of the ALJ's RFC assessment for Mutchler." Report and Recommendation at 17 n.14.

---

[6] In its brief, the Commissioner implies that the reason the ALJ did not give Dr. Shaeffer's opinion any weight—despite the ALJ not specifically addressing whether she gave Dr. Shaeffer's opinion any weight—was because it fell outside the relevant time period (i.e., before the onset date). The Commissioner states that the ALJ "explicitly discussed evidence" from four other doctors, all from the relevant time period, but did not discuss the medical opinion of Dr. Shaeffer. Commissioner's Brief at 21. The court notes, however, that the ALJ only explicitly mentioned two of the doctors the Commissioner cites—Dr. March and Dr. Kappos—and the remaining two doctors—Dr. Ismail and Dr. Eckholm—provided medical opinions both before and during the relevant time period.

## 4. Parties' arguments

### a. Mutchler's arguments

In her Objections, Mutchler argues that Judge Scoles "incorrectly held that it was not necessary to address the . . . examining source opinions . . . of Dr. Shaeffer . . . because they were expressed nine months prior to the amended onset date."[7]  Objections at 2 (footnote added).  Mutchler claims that although the Commissioner and Judge Scoles stated that the ALJ correctly did not give any weight to Dr. Shaeffer's opinions because the opinions were rendered prior to the alleged onset date, their argument is problematic because "the ALJ never thought of that argument and did not express those thoughts, and in fact, did not even express that she intended to 'not assign any weight to Dr. Shaeffer's opinion statement.'"  *Id.* at 3 (quoting Commissioner's Brief at 22).  Mutchler asserts that "[g]eneral principles of administrative law preclude the Commissioner . . . from advancing grounds in support of the agency's decision that were not given by the ALJ."  *Id.*  According to Mutchler, since "[t]he ALJ did not expressly state that she declined to give any weight to Dr. Shaeffer and that the reason was because it was too old," it was inappropriate for Judge Scoles to discount Dr. Shaeffer's opinion and determine that the ALJ made a correct finding based on the substantial evidence on the record.  *Id.*

Moreover, Mutchler claims that it is appropriate to look at medical evidence from before the onset date.  With regard to the Commissioner's claim that Mutchler's COPD was controlled after the onset date and, therefore, Dr. Shaeffer's pre-onset date medical opinions have no relevance, Mutchler argues that there is no medical opinion to support a finding that Mutchler's COPD would be controlled if she were to attempt to increase her activity level to the degree required by "light work."

---

[7] The court will discuss the opinion of Dr. Kappos, another examining source, below.

### b. *The Commissioner's arguments*

The Commissioner does not respond to Mutchler's specific arguments in her Objections. However, the Commissioner states in its brief that the ALJ correctly did not assign any weight to Dr. Shaeffer's medical opinion because it was completed more than nine months before Mutchler's alleged onset date and because Mutchler's COPD was under control with medication by the relevant time period. The Commissioner contends that the ALJ evaluated the entire case record and correctly concluded that Mutchler's impairments were consistent with the ALJ's RFC.

### 5. *Application*

Although the ALJ did not specifically write that she was not assigning Dr. Shaeffer's opinion any weight or her reason for doing so, the record supports the overall determination of not assigning any weight to Dr. Shaeffer's opinion because Dr. Shaeffer rendered her opinion prior to Mutchler's onset date and before Mutchler's COPD was controlled by medication. *See* Administrative Record at 328, 336, 349 and 437. Given that Dr. Shaeffer opined that Mutchler could only occasionally walk before the onset date of her alleged disability and before Mutchler's COPD was controlled, as discussed in post-onset date medical opinions, the ALJ did not err by not discussing or giving weight to Dr. Shaeffer's medical opinion. Although the ALJ could have explained her reasoning more thoroughly, the record supports a finding that Dr. Shaeffer's opinion was not entitled to any weight and, therefore, the court will not set aside the ALJ's RFC assessment based on her failure to discuss or assign weight to Dr. Schaeffer's medical opinion. *See Senne*, 198 F.3d at 1067 ("[A] deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case.")

## B. Dr. Kappos's Medical Opinion and Mutchler's RFC

### 1. Medical opinion

On May 25, 2010, Dr. George T. Kappos, M.D., performed a consultative examination on Mutchler. At the examination, Mutchler reported that her symptoms of emphysema and COPD included shortness of breath and excessive coughing. She reported that the symptoms for emphysema "are worsened by walking, vacuuming and taking baths and improved by working [on] puzzles, beading, sleeping and sitting still." *Id.* at 391. Mutchler reported to Dr. Kappos that her COPD "symptoms are worsened by everything that she does and are improved by sleeping and sitting still." *Id.* After reviewing the medical record and speaking with and examining Mutchler, Dr. Kappos only imposed three restrictions on Mutchler: (1) occasional walking due to shortness of breath; (2) avoiding fumes and dust because of Mutchler's breathing problems; and (3) wearing a respirator if in hazardous respiratory situations. *Id.* at 395.

### 2. ALJ's decision

The ALJ specifically referenced Dr. Kappos's medical opinion in determining Mutchler's RFC and gave his opinion great weight. *Id.* at 21 (noting that because "there is no objective evidence contradicting the findings of the treating or examining physicians, the opinions are entitled to great weight"). The ALJ pointed out that Dr. Kappos only restricted Mutchler to occasional walking and avoiding fumes and dust because of her breathing problems. *Id.* at 19. The ALJ also limited Mutchler to occasional handling and fingering with her right hand, despite this restriction being more limiting than Dr. Kappos's findings. The ALJ stated that while Mutchler's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Mutchler's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* at 19-20. The ALJ determined that "the record does not contain

any opinions from treating and examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision." *Id.* at 21. Notably, the ALJ did not specifically address Dr. Kappos's opinion that Mutchler should be limited to occasional walking, despite "light work" requiring "a good deal of walking." 20 C.F.R. 404.1567(b).

### 3.   *Report and Recommendation*

In his Report and Recommendation, Judge Scoles acknowledged that Dr. Kappos limited Mutchler to occasional walking, but he noted that Mutchler had no restrictions on lifting or standing. Judge Scoles also noted that Dr. Byrnes and Dr. Daly, both non-examining agency doctors, opined "that Mutchler could at least occasionally lift 20 pounds, frequently lift 10 pounds, and stand and/or walk with normal breaks for a total of about six hours in an eight-hour workday." Report and Recommendation at 20. Judge Scoles further noted that "Mutchler offers no medical evidence during the relevant time period to support her contention that she is unable to perform 'light work' and should be limited to only 'sedentary work.'"[8] *Id.* Accordingly, Judge Scoles held that there was substantial evidence in the record to support the ALJ's RFC assessment that Mutchler was capable of "light work."

### 4.   *Parties' arguments*

#### a.   *Mutchler's arguments*

Mutchler states that in affirming the ALJ's decision to deny benefits, Judge Scoles only relied on one expert medical opinion—that of Dr. Kappos. Mutchler points out that Judge Scoles acknowledged that Dr. Kappos limited Mutchler to "occasional walking,"

---

[8] If Mutchler were limited to sedentary work and the ALJ found Mutchler to be "closely approaching advanced age," then Mutchler would be disabled under the regulations and entitled to benefits. *See* 20 C.F.R. 404.1563(d).

and Mutchler argues that this restriction is inconsistent with the "light work," which was part of the RFC that the ALJ assigned to Mutchler.

Mutchler notes that "light work" includes, in part, "frequent lifting or carrying of objects weighing up to 10 pounds." *See* Objections at 2-3; 20 C.F.R. § 404.1567(b). Mutchler argues that under the Social Security Administration's own definitions, "'[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a work day, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour work day.'" Objection at 1 (quoting SSR 83-10, Glossary). According to Mutchler, since the pertinent regulation requires that a claimant must have the ability to do substantially all the activities comprising "light work," and because Dr. Kappos limited Mutchler to occasional[9] walking, the ALJ erred in determining that Mutchler was capable of "light work" and, therefore, Judge Scoles wrongfully affirmed the ALJ's decision.

### b. *The Commissioner's arguments*

The Commissioner does not respond to Mutchler's specific arguments in her Objections. However, the Commissioner argues in its brief that "Dr. Kappos's opinion is largely consistent with the exertional requirements of light work—and thus with the ALJ's RFC." Defendant's Brief at 18. According to the Commissioner, the only restriction that Dr. Kappos imposed that was inconsistent with "light work" was occasional walking, but the Commissioner notes that Dr. Kappos did not find that Mutchler was "limited in her ability to stand, sit, lift, carry, push, or pull." *Id.* Accordingly, the Commissioner argues that "while not identical, the exertional limitations assessed by Dr. Kappos and by the ALJ are largely consistent." *Id.*

---

[9] "Occasionally" in the context of walking, is defined as "no more than about 2 hours of an 8-hour work day." *Id.* at 2 (quoting SSR 83-10, Glossary).

Moreover, the Commissioner argues that the ALJ properly gave weight to the medical opinions of Dr. Byrnes and Dr. Daly, the consultative physicians who opined that Mutchler could stand and/or walk for about six hours in an eight-hour work day. The Commissioner also points out that the ALJ found Mutchler's COPD to be stable with treatment.

### 5. Application

The court finds that the ALJ's RFC assessment of Mutchler was supported by substantial evidence on the record and, therefore, that Mutchler is not entitled to Title II disability insurance benefits and Title XVI SSI benefits.

While it is true that "light work" requires more than occasional walking, which Dr. Kappos, the only examining physician during the relevant time period, said Mutchler was not capable of, there is substantial evidence on the record for the ALJ to conclude that Mutchler is capable of more frequent walking, which makes her capable of "light work" and, therefore, not disabled. As the ALJ stated, the medical opinions of two non-examining physicians employed by DDS, Dr. Byrnes and Dr. Daly, supported a finding that Mutchler was not disabled. Both of these non-examining physicians opined that Mutchler was capable of walking six hours a day, consistent with "light work." Throughout the ALJ's opinion she noted that Mutchler's reported limitations, such as only being able to stand for five to ten minutes and not being able to walk more than a block without resting, were not supported by objective medical evidence. *See* Administrative Record at 18 ("Upon review of medical evidence, the objective findings in this case fail to provide strong support for [Mutchler's] allegations of disabling limitations."); *id.* at 19-20 ("After careful consideration of the evidence, the undersigned finds that [Mutchler's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Mutchler's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with

the . . . [RFC] assessment."); *id.* at 21 ("In sum, although [Mutchler] described disabling symptoms as a result of her medical impairments, the record is not consistent with those allegations."). The ALJ also based her finding that Mutchler is capable of "light work" on the fact that her COPD is well controlled, which was the basis for Dr. Kappos's medical opinion regarding Mutchler's walking limitation. *See id.* at 20 ("Her COPD was well controlled with medication, even though [Mutchler] failed to completely stop smoking . . . ."). This fact was confirmed not only by the DDS physicians, who opined that Mutchler is capable of frequent walking, but also by Dr. Ismail, an examining physician who reported that Mutchler's COPD was stable on March 30, 2010, after the alleged onset date.

Although the ALJ did not explicitly reconcile Dr. Kappos's medical opinion that Mutchler could only occasionally walk with her RFC assessment of "light work," which requires frequent walking, there is sufficient evidence on the record that supports the ALJ's RFC assessment of Mutchler and the ALJ's conclusion that Mutchler is not disabled. Under Eighth Circuit law, "a deficiency in opinion-writing" does not require the court to set aside an ALJ's determination, *Senne*, 198 F.3d at 1067, and "an ALJ's failure to adequately explain his factual findings is 'not a sufficient reason for setting aside an administrative finding' where the record supports the overall determination," *Scott ex rel. Scott*, 529 F.3d at 822 (quoting *Senne*, 198 F.3d at 1067). Since the court shall "affirm the Commissioner's decision if supported by substantial evidence on the record as a whole," *Anderson*, 696 F.3d at 793, even if the court "may have reached a different conclusion had [the court] been the fact finder in the first instance," *Hacker*, 459 F.3d at 936, the court must affirm the ALJ's RFC assessment of Mutchler.

### C. Possibility of Benefits Before COPD Was Controlled

#### 1.    Parties' arguments

Mutchler's final objection is in response to Judge Scoles's conclusion that it is "unnecessary to address Dr. Shaeffer's opinions in its consideration of the ALJ's RFC assessment for Mutchler" because Dr. Shaeffer made the assessment prior to the alleged onset date and the period in which Mutchler's COPD was controlled. Report and Recommendation at 17 n.14. Mutchler argues that there is no evidence that her COPD was controlled to the extent that she could frequently walk, and even if it were controlled at some point, she is entitled to benefits at least until the time when it became controlled.

The Commissioner does not respond to Mutchler's specific arguments in her Objections. However, the Commissioner argues in its brief that the ALJ's RFC assessment is supported by the record as a whole.

#### 2.    Application

As discussed above, there is substantial evidence on the record to support the ALJ's determination that Mutchler is not disabled and not entitled to benefits. Three doctors indicated her COPD was controlled after the alleged onset date[10] and the ALJ discredited Mutchler's testimony. Mutchler attempts to shift the burden of proving that she is *not* disabled to the Commissioner, but the burden is on Mutchler to prove she *is* disabled and entitled to benefits. The ALJ determined based on the record and her assessment of Mutchler's credibility that Mutchler is not disabled and not entitled to benefits. This determination was within the "zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson*, 30

---

[10] *See* Administrative Record at 327, 349 and 437 (Dr. Ismail stating that Mutchler's COPD was under control in May 2009, the month of the alleged onset date, November 2009 and March 2010); *id.* at 408 (Dr. Byrnes writing that Mutchler's COPD was stable through November 2009); *id.* at 422 (Dr. Daly opining that Mutchler's COPD "would not warrant an exertional limitation").

F.3d at 939 (quoting *Turley*, 939 F.2d at 528) (internal quotation marks omitted). Accordingly, the court shall affirm the final decision of the Commissioner.

## *V. CONCLUSION*

In light of the foregoing, **IT IS HEREBY ORDERED THAT**:

(1) The Objections (docket no. 17) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 16) is **ADOPTED**; and

(3) The Complaint (docket no. 3) is **DISMISSED WITH PREJUDICE**.

**DATED** this 17th of January, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA